No. DA 06-0170

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 42

CITIBANK (SOUTH DAKOTA) N.A.,

        Plaintiff and Respondent,

   v.

DOC L. DAHLQUIST,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-04-175B,
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William L. Managhan and Santana Kortum-Managhan,
            Managhan & Kortum-Managhan Law Firm PLLC, Kalispell, Montana

        For Respondent:

            Kimberly S. More, Crowley, Haughey, Hanson,
            Toole & Dietrich, P.L.L.P., Kalispell, Montana

Submitted on Briefs:  January 17, 2007

Decided:  February 13, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     This is the second appeal before us concerning Doc Dahlquist, credit card debt, and a purported arbitration award.[1]  Here, plaintiff Citibank sued Dahlquist, alleging he owed $7,955.01 in credit card debt.  Dahlquist subsequently filed a motion to confirm, alleging the action was subject to an arbitration award.  The District Court denied the motion to confirm the arbitration award because the arbitration procedure failed to conform to the arbitration agreement.  From the denial of his motion to confirm, Dahlquist appeals.  We affirm.

¶2     We restate the issue as follows:

¶3     Did the District Court correctly deny Dahlquist's motion to confirm when the arbitration award was issued by an arbitrator other than the one specified in the arbitration agreement, even though Citibank failed to dispute the award within ninety days?

## BACKGROUND

¶4     On March 19, 2004, Citibank filed a complaint alleging that Dahlquist owed $7,955.01 pursuant to a credit card agreement with Citibank.  Citibank apparently filed two different actions against Dahlquist without adequately specifying the account number.  Dahlquist responded to one suit, but not the other.  The court initially entered a default against Dahlquist, but then set aside the default judgment, citing the confusion regarding the double suit without adequate account numbers.

_____

[1]*See Bank of America v. Dahlquist*, 2007 MT 32, ____ Mont. ____, _____ P.3d _____.

¶5    Dahlquist then filed a motion to confirm an arbitration award. The arbitration award had been issued by the National Arbitration Counsel (NAC), an arbitration group based in Florida.[2] In response to NAC's notices, Citibank informed NAC by letter that it had not agreed, and would not agree, to arbitrate any disputes before NAC. Despite Citibank's letter, NAC issued an award for Dahlquist and against Citibank on the debt that Citibank alleges is owed by Dahlquist. Citibank did not move to vacate the award, and in fact did not challenge the award until February 8, 2005, in its response to Dahlquist's motion to set aside the entry of default.

¶6    The arbitration agreement at issue does not list NAC as a potential arbitrator. Instead the agreement provides that one of three arbitrators must be used: the American Arbitration Association (AAA); JAMS; or the National Arbitration Forum (NAF). Additionally, the arbitration agreement provides that it "is governed by the Federal Arbitration Act" (FAA).

¶7    The District Court, in its order denying Dahlquist's motion to confirm, concluded that Dahlquist's use of NAC was "not in accordance with the arbitration provisions of the agreement" and thus the NAC arbitration was "invalid *ab initio*" and "the statutory time limits to challenge the award [were] not triggered." From this order, Dahlquist appeals.

---

[2]NAC is the same arbitration group that Dahlquist employed during his dispute with Bank of America. *See Bank of America*, ¶ 4.

**STANDARD OF REVIEW**

¶8    We review a district court's conclusions of law, including whether an arbitration award is valid, *de novo*. *See Martz v. Beneficial Montana, Inc.*, 2006 MT 94, ¶ 10, 332 Mont. 93, ¶ 10, 135 P.3d 790, ¶ 10.

**DISCUSSION**

¶9    **Did the District Court correctly deny Dahlquist's motion to confirm when the arbitration award was issued by an arbitrator other than the one specified in the arbitration agreement, even though Citibank failed to dispute the award within ninety days?**

¶10    Dahlquist, focusing primarily upon Montana's Uniform Arbitration Act, §§ 27-5-111 through -324, MCA, claims that Citibank has waived the right to challenge the arbitration award issued by NAC because it failed to challenge the award within ninety days. *See* §§ 27-5-311 and -312, MCA. Under Montana law, the ninety-day time limit on challenging an award affixes even if a party claims the award is invalid because the wrong arbitrator was used. *See* § 27-5-312, MCA. As Citibank has waited much longer than that, Dahlquist insists Citibank is barred from challenging the NAC award and the District Court must confirm the award.

¶11    We disagree with Dahlquist's assessment, primarily because the arbitration agreement at issue, by its terms, is not governed by Montana's arbitration statutes but by the FAA (9 U.S.C. §§ 1-16). While the provisions of the FAA are similar to Montana's Act, including a three-month time limitation to vacate an award, the FAA, unlike

4

Montana law, does not recognize a motion to vacate an award for the reason that "there was no arbitration agreement." *See* § 27-5-312, MCA, and 9 U.S.C. §§ 10-12.

¶12    Under the FAA, where parties have not agreed to arbitrate, or where the arbitration does not follow the format provided for in the arbitration agreement, the arbitration award is invalid *ab initio*. *See MCI Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F.3d 426, 430 (1st Cir. 1998), and *Bank of America*, ¶¶ 12-13. In *MCI*, the First Circuit determined that, for a party to be subject to the FAA's three-month time limitation, a written arbitration agreement must be "in effect" *and* the party must be "bound by [the] conditions" of the agreement. *MCI*, 138 F.3d at 430. One condition that must be followed for an arbitration proceeding to be valid under the FAA is employment of the agreed upon arbitrator. *See* 9 U.S.C. § 5 and *R. J. O'Brien & Assoc., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th Cir. 1995) ("[I]n order to enforce an arbitration award, the arbitrator must be chosen in conformance with the procedure specified in the parties' agreement to arbitrate.").

¶13    Here, the arbitration agreement specifically limits the arbitrators that may be used to AAA, JAMS or NAF. Dahlquist, however, did not use one of the three named groups, but unilaterally selected NAC. As Citibank had not agreed to arbitrate the dispute before NAC, and as the agreement specifically calls for AAA, JAMS or NAF to be used, the award is unenforceable, under *R. J. O'Brien*, because NAC was not chosen in conformance with the arbitration agreement. Further, the arbitration award was invalid *ab initio* under *MCI*, because, while there is a written arbitration agreement, Citibank had

5

not consented to be bound by NAC, and in fact had notified NAC by letter that it had not agreed and would not agree to arbitrate before NAC. The FAA time limitation was thus not triggered, and Citibank is not bound by the award, even though it failed to challenge it within three months.

¶14 Dahlquist, citing to several federal cases, contends that even under the FAA, the three-month time limitation bars Citibank from challenging the award. The cases cited by Dahlquist, however, are distinguishable from the issue at hand because, in each case, the parties arbitrated the dispute in conformance with a valid arbitration agreement. For example, Dahlquist cites to *Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992), for the proposition that the FAA's three-month limitation "is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period." (Citations omitted.) However, this proposition is inapplicable to the situation here, because the party in *Sander* consented to and participated in arbitration, and then, two years later, challenged the award, a valuation of stock, alleging a violation of securities laws. The Ninth Circuit refused to allow an arbitration participant to challenge the resulting award via "collateral attack." *Sander*, 966 F.2d at 502-03. Here, Citibank, unlike the party in *Sander*, was not "a party to the arbitration proceeding" nor did it consent to arbitration with NAC.

## CONCLUSION

¶15 Under the FAA, the arbitration award was invalid *ab initio* because NAC was not the arbitrator specified in the arbitration agreement, and Citibank did not consent to

arbitration under NAC. The District Court's denial of Dahlquist's motion to confirm is therefore affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE