**CITIBANK, Appellee,**

v.

**WOOD, Appellant.**

[Cite as *Citibank v. Wood,* 177 Ohio App.3d 103, 2008-Ohio-2877.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2007 CA 48.

Decided June 13, 2008.

Thomas L. Rosenberg, for appellee.

Robert C. Wood and Ann K. Wood, pro se.

DONOVAN, Judge.

## I.   Procedural History

{¶ 1} This matter is before the court on the Notice of Appeal of Robert C. Wood, filed May 21, 2007.   Wood and Citibank South Dakota, N.A. ("Citibank") entered into an agreement pursuant to which Citibank extended credit to Wood, and Wood agreed to repay the principal amount plus interest to Citibank.   Wood failed to pay pursuant to the terms of the agreement, and Citibank obtained a judgment against Wood in the amount of $7,821.44, in Clark County Municipal Court.   Wood pursued arbitration with Blue Ridge Arbitration, and on March 22, 2005, Blue Ridge issued a decision finding that Wood had settled his account with Citibank in full, and the decision ordered Citibank to set aside any judgments it had obtained against Wood. The award issued by Blue Ridge contained a certificate of service indicating that it was mailed to Citibank on April 4, 2005, via first class mail.

{¶ 2} On July 7, 2005, Citibank filed a "Petitioner's Motion to Vacate Award" in Clark County Common Pleas Court, pursuant to R.C. 2711.10(D), which provides, "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if: * * * (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."   R.C. 2711.13 requires that notice to vacate an award "must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest."   Citibank did not attach a copy of the parties' agreement to its petition.

{¶ 3} Wood filed a pro se answer and counterclaim for confirmation of the award. R.C. 2711.09 provides that an application for an order confirming an award may be made "[a]t any time within one year" after the award is issued. The trial court dismissed the counterclaim for confirmation without explanation. The trial court then held a hearing on the motion to vacate on September 30, 2005, at which it did not take evidence from any witnesses or admit any exhibits. Instead, it listened to unsworn statements from Wood and counsel for Citibank. According to Citibank, the parties' agreement provides, should a dispute arise between the parties, that either party may elect to arbitrate the dispute using one of the following three organizations: the American Arbitration Association ("AAA"), JAMS, or the National Arbitration Forum ("NAF").

{¶ 4} Wood argued, "[T]here is without doubt an agreement in place which calls for arbitration in the Blue Ridge Arbitration forum in disputes between the plaintiff and the defendant in any matter subsequent to July 12, 2004." According to Wood, he effected an accord and satisfaction with Citibank, pursuant to R.C. 1303.40. Wood stated that he sent an "agreement" and a "negotiable instrument" to Citibank. According to Wood, "[C]lear instructions indicated that to refuse the new terms, plaintiff was to return the instrument without negotiating it. Instead plaintiff negotiated that instrument on July 12, 2004. Thus, the plaintiff is bound to arbitration under the agreement." The Clark County Common Pleas Court granted Citibank's motion to vacate.

{¶ 5} In an entry issued in response to Wood's motion for findings of fact and conclusions of law, the trial court determined that the motion to vacate had been timely filed and that Citibank "cannot be compelled to arbitrate a dispute with Blue Ridge Arbitration Forum when said organization was not one of the three organizations set forth in the agreement."

{¶ 6} Wood appealed, and we reversed and remanded the matter for further proceedings, finding that the trial court had committed various procedural errors. In terms of the timeliness of the petition to vacate, we noted, "[T]he current record indicates that Citibank's motion to vacate was filed on July 7, 2005, and was not served on Wood until July 9, 2005. As a result, Citibank's motion appears untimely on its face. However, because the record is incomplete and because the trial court applied an improper method of analysis, we will remand this matter to allow Citibank and Wood to present evidence on the date of mailing or the postmark date." *Citibank South Dakota, N.A. v. Wood,* 169 Ohio App.3d 269, 2006-Ohio-5755, 862 N.E.2d 576, ¶ 28.

{¶ 7} "What this means for purposes of the present case is that Citibank may be successful in invoking the trial court's jurisdiction if Citibank has a copy of the postmarked envelope for the arbitration award or can establish by other evidence that the award was mailed on a date later than the date reflected on the award."

Id. at ¶ 29. We further noted in a footnote that "Wood is required to present some extrinsic evidence of the date that the award was mailed, since the statement on the face of the award was not made under oath. As we have stressed, the court must be presented with legally admissible evidence, not unauthenticated documents." Id. at fn. 1.

{¶ 8} We further noted, "[E]ven if Citibank established jurisdiction, Citibank failed to present *evidence* in the trial court to justify vacating the arbitration award. In this regard, Citibank's attorney claimed, *again without proof,* that its contract with Wood did not specify Blue Ridge as a proper arbitration forum. However, no copy of the contract is in the record. In addition, no witnesses identified or verified any documents that were, in fact, attached to the motion to vacate. We have previously noted that bare contentions are insufficient to satisfy the burden of proof that R.C. 2711.10 imposes on parties filing objections to arbitration awards." (Emphasis sic.) Id. at ¶ 32.

{¶ 9} We also noted, "In view of Citibank's failure to present any *evidence* to the trial court, the court's decision was clearly erroneous." (Emphasis sic.) Id. at ¶ 35.

{¶ 10} We also noted that Citibank had failed to attach various documents to its motion to vacate, as required by R.C. 2711.14, such as the arbitration agreement. Finally, we noted that Wood's motion to confirm the award was timely, pursuant to R.C. 2711.09, and we noted that a court *must* grant a timely motion to confirm " 'unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown.' " Id. at ¶ 42, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456, syllabus. In other words, "the court's only choices were to confirm the award or vacate it upon a finding under R.C. 2711.10(D) that the arbitrator had exceeded his authority. The court could not possibly have made this choice before hearing evidence on the matter. As a result, the court clearly erred by granting a motion to dismiss the counterclaim prior to the hearing." Id. at ¶ 46.

{¶ 11} On January 3, 2007, a judicial notice of guardianship was filed with the trial court, providing, "In October 2005 Robert C. Wood has been appointed a guardian, Ann K. Wood, who will be standing in for Robert C. Wood from this time forward." Attached to the notice is a document entitled "Letters of Guardianship" from the Probate Court of Clark County.

{¶ 12} Upon remand, a status conference was held, and following the conference, the court issued an entry on January 3, 2007, providing that counsel for Citibank "informed the Court that he does have evidence to present to the Court that Citibank filed its motion to vacate the arbitration finding within the three-month time period established by Section 2711.13 of the Ohio Revised Code.

Mrs. Wood informed the Court that she is in possession of a dated envelope which suggests that Citibank did not file its motion within the appropriate time-period. Accordingly, the Court decided that it would set the matter for an evidentiary hearing." The trial court set the evidentiary hearing for April 20, 2007.

{¶ 13} On January 9, 2007, counsel for Citibank filed "Plaintiff's Motion to Correct Court's Entry of January 3, 2007." The motion provides, "The Court's Entry indicates that the undersigned informed the Court that Citibank is in possession of evidence that it filed its Motion to Vacate the arbitration finding timely pursuant to law. To the best of my recollection, I stated that Citibank would like to present legal issues in support of its claims in this case by filing a dispositive motion. This may address the timeliness of its filing to vacate the arbitration or it may address other legal basis for Citibank to obtain judgment. The Court acknowledged this representation indicating that Mr. Rosenberg may have other issues he wants to present to the Court. Therefore, the Court's entry which appears to limit the subject matter of a dispositive motion to commit the undersigned to a representation that Citibank has evidence to present that it filed its Motion to Vacate the arbitration finding timely, is misplaced. Citibank simply seeks to file with the Court any applicable dispositive motion available to it and will do so by February 16, 2007. The Court's entry appears to be limiting it to the issue of the timeliness of the Motion to Vacate and further makes a representation that to the best of the undersigned's recollection, was not specifically stated."

{¶ 14} On February 2, 2007, the trial court issued an entry, which stated as follows: "Plaintiff's motion to correct this Court's Entry of January 3, 2007 is OVERRULED, however, the Court's January 3, 2007 Entry shall not be construed in a manner that will limit the parties' right to advance legal arguments of their choosing."

{¶ 15} On February 27, 2007, Citibank filed a motion for extension of time to file a motion for summary judgment. On March 16, 2007, the trial court extended the time for filing motions for summary judgment, and the court's entry provides, "The evidentiary hearing scheduled for April 20, 2007 at 9:00 a.m. will not be changed."

{¶ 16} Attached to Citibank's motion for summary judgment is the affidavit of Elizabeth Barnette, an employee of Citibank Credit Services, Inc. (USA), a service company for Citibank. Barnette is a custodian of records for Citibank, whose "duties include having custody and control of records relating to the AT & T Universal MasterCard Account that was issued to Robert C. Wood." The affidavit further provides, "Attached as Exhibit B is the Cardmember Agreement applicable to the Account, which lists the only three tribunals before which

Citibank and Robert C. Wood may arbitrate disputes, which are the American Arbitration Association, JAMS and National Arbitration Forum. Blue Ridge was not one of the tribunals authorized to handle arbitrations between Citibank and its customers."

{¶ 17} Attached as Exhibit A to the affidavit is a letter from Wood to Citibank, dated June 17, 2004, and entitled, "Letter of Intent to Tender Partial Payment and Other Consideration as Satisfaction in Full," which provides in part, "Any dispute between you and me under this Agreement or any previous agreement between you and me will be resolved by final and binding arbitration at the National Arbitration Council or Blue Ridge Arbitration." Also attached to the affidavit as Exhibit B is the Cardmember Agreement, which sets forth the three possible forums for arbitration as Barnette indicated. The Agreement provides that it is "governed by the Federal Arbitration Act." Attached as Exhibit C to the affidavit is a letter dated March 26, 2004, to Blue Ridge from Citibank, which provides in part, "This letter is formal notice to [Blue Ridge] * * * that the Bank has not agreed, and will not agree, to arbitrate any disputes before [Blue Ridge]."

{¶ 18} Wood filed "Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment in his Favor and Confirmation of the Award," on March 28, 2007. Attached to Wood's motion for summary judgment is the affidavit of Ann K. Wood, averring that she is Wood's "spouse and guardian." The affidavit provides that Ann has "first hand material fact knowledge of the events of this case from the Defendant's position." According to Ann, she is "in receipt of the envelope in which Blue Ridge mailed my Arbitration Award. and [sic] it is postmarked April 4, 2005." The affidavit further provides, "I shall produce evidence of the April 4, 2005 mailing at the evidentiary hearing in this instant case."

{¶ 19} On April 11, 2007, Citibank filed "Plaintiff's Reply in Support of its Motion for Summary Judgment," and on April 13, 2007, Wood filed "Defendant's Motion to Strike Plaintiff's Reply; Defendant's Reply to Plaintiff's Reply; Defendant's Motion for Summary Judgment; Defendant's Challenge of Subject Matter Jurisdiction of Plaintiff; and Motion for Sanctions Against Plaintiff's Attorney."

{¶ 20} The court sustained Citibank's motion for summary judgment on April 19, 2007. The court's entry begins, "This matter is before the Court on plaintiff's February 26, 2007 motion for summary judgment, the defendant's March 28, 2007 motion to strike plaintiff's motion for summary judgment, the defendant's March 28, 2007 motion for summary judgment, and the defendant's April 13, 2007 motion to strike plaintiff's reply in support of its motion for summary judgment." Of note is the fact that Citibank moved for an extension of time to file its summary-judgment motion on February 27, 2007. After citing Civ.R. 56(C), the trial court ruled as follows:

{¶ 21} "Even construing the evidence most strongly in favor of the defendant, the Court finds that the Blue Ridge letter and its purported 'award' is void ab initio and unenforceable for the three reasons set forth in plaintiff's motion. First, the parties did not mutually agree to arbitrate before Blue Ridge, second, the defendant had no right to unilaterally modify the card-member agreement, and third, courts have universally rejected awards issued by Blue Ridge and other sham 'arbitration' companies.

{¶ 22} "Even construing the evidence most strongly in favor of the defendant, there exists no genuine issue as to material fact, and the plaintiff is entitled to judgment as a matter of law.

{¶ 23} "Accordingly, the plaintiff's motion for summary judgment is SUS-TAINED. Costs and attorney fees are hereby awarded to plaintiff."

{¶ 24} The evidentiary hearing scheduled for April 20 was never held.

{¶ 25} On May 4, 2007, Wood filed "Defendant's Motion for Clarification," "Defendant's Notice of Intent to Appeal," "Defendant's Motion for Findings of Facts and Conclusions of Law Pursuant to Ohio Rule of Civil Procedure Rule 52," and "Defendant's Motion for a New Trial."

{¶ 26} Attached to Wood's motion for a new trial is a photocopy of an envelope, along with an affidavit from Ann Wood that provides, "I, Ann K. Wood, under penalty of perjury, hereby certify that the attached copy of the envelope from Blue Ridge Arbitration which shows a postmark of April 4, 2005 is a true and accurate copy of the envelope which contained the Award which is the subject" of this case. Apparently, this is the envelope that Wood averred she would present at the evidentiary hearing that was never held.

{¶ 27} On May 14, 2007, Citibank filed "Plaintiff's Submission of Attorney Fees," stating that it was entitled to $7,484.30 in fees. Attached to the motion are redacted invoices.

{¶ 28} Wood filed his notice of appeal on May 21, 2007. On May 25, 2007, Citibank filed "Plaintiff's Memorandum in Opposition to Defendant's Motion for Findings of Fact and Conclusions of Law Pursuant to Ohio Rule of Civil Procedure 52" and "Plaintiff's Memorandum in Opposition to Defendant's Motion for New Trial and Motion for Clarification."

{¶ 29} On May 31, the court issued an entry that provides, "The motions of Defendant, Robert C. Wood for a new trial, for clarification and for findings of facts and conclusions of law are OVERRULED.

{¶ 30} "By granting Plaintiff's motion for summary judgment the Court found that Plaintiff is entitled to judgment against the defendant and the notice of intent letter did not in any way alter the Cardmember Agreement. The[re] is no

arbitration award to confirm. The Blue Ridge letter and its 'award' are void and held for naught.

{¶ 31} "Plaintiff is awarded attorney fees in the amount of $7,484.30 against Defendant Robert Wood. * * * "

## II. Assigned Errors

{¶ 32} Wood asserts three assignments of error. His first assignment of error is as follows:

{¶ 33} "Citibank has failed to establish subject matter jurisdiction."

{¶ 34} Wood argues that we "succinctly and clearly * * * delineated the requirements to establish subject matter jurisdiction by providing some acceptable evidence as to the date the arbitration award in Wood's favor was mailed. The only two pieces of potential evidence are 1) the affidavit attached to the BlueRidge notice with the mailing date which was filed with Citibank's [motion to vacate] * * * and 2) Wood's affidavit accompanying the certified copy of the envelope with the postmark. Both the date of mailing in the Blue Ridge affidavit and the postmark date on Wood's envelope are April 4, 2005 which means that Citibank has failed or refused to establish subject matter jurisdiction."

{¶ 35} Citibank does not address the trial court's alleged lack of jurisdiction but rather argues the merits of the matter. Citibank argues that Wood failed "to produce any evidence disputing: (i) that the Card Agreement governed the Account; (ii) that the Card Agreement's arbitration provision did not authorize arbitration before Blue Ridge; and (iii) that Citibank specifically advised Blue Ridge that Citibank did not consent to any Blue Ridge arbitration." According to Citibank, it "had no obligation under the FAA [Federal Arbitration Act] or Ohio's arbitration statute, R.C. 2711.13, to seek to vacate the award because the award was void and never constituted an actual arbitration award. Both statutes presuppose that for any award a party may seek to confirm or vacate, such award is the result of a valid, agreed-upon arbitration proceeding."

{¶ 36} "Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * Our review of the trial court's decision to grant summary judgment is de novo." *Cohen v. G/C Contracting Corp.*, Greene App. No. 2006 CA 102, 2007-Ohio-4888, 2007 WL 2743707.

{¶ 37} Citibank relies upon a recent case from the Supreme Court of Montana, *Citibank (South Dakota) N.A. v. Dahlquist* (2007), 336 Mont. 100, 152 P.3d 693,

2007 MT 42. In *Dahlquist,* the creditor filed a complaint against the debtor, seeking money owed pursuant to a credit card agreement. Citibank received notice of arbitration from the National Arbitration Counsel ("NAC"), and Citibank responded with a letter stating that it did not agree and would not agree to arbitrate the dispute before NAC. The agreement between Citibank and the debtor did not list NAC as a potential arbitrator but instead listed AAA, JAMS, or NAF. Despite Citibank's letter, NAC issued an award for the debtor and against Citibank, which the debtor moved to confirm. Citibank moved to vacate the award, but not within 90 days as required by Montana's Uniform Arbitration Act, and the debtor argued that Citibank had waived its right to challenge the award.

{¶ 38} In denying the motion to confirm, the district court determined that the debtor's use of NAC violated the arbitration agreement and that the NAC award was accordingly "invalid ab initio," and "the statutory time limits to challenge the award [were] not triggered." The debtor appealed.

{¶ 39} The Supreme Court of Montana determined, "[T]he arbitration agreement at issue, by its terms, is not governed by Montana's arbitration statutes but by the FAA (9 U.S.C. §§ 1–16)." *Dahlquist,* 336 Mont. 100, 152 P.3d 693, 2007 MT 42, ¶ 11. The court noted, "Under the FAA, where parties have not agreed to arbitrate, or where the arbitration does not follow the format provided for in the arbitration agreement, the arbitration award is invalid *ab initio. See MCI Telecommunications Corp. v. Exalon Industries, Inc.,* 138 F.3d 426, 430 (1st Cir.1998), and *Bank of America [v. Dahlquist,* 336 Mont. 50, 152 P.3d 718, 2007 MT 32], ¶ 12–13. In *MCI,* the First Circuit determined that, for a party to be subject to the FAA's three-month time limitation, a written arbitration agreement must be 'in effect' *and* the party must be 'bound by [the] conditions' of the agreement. *MCI,* 138 F.3d at 430. One condition that must be followed for an arbitration proceeding to be valid under the FAA is employment of the agreed upon arbitrator. *See* 9 U.S.C. § 5 and *R.J. O'Brien & Assoc., Inc. v. Pipkin,* 64 F.3d 257, 263 (7th Cir.1995) ('[I]n order to enforce an arbitration award, the arbitrator must be chosen in conformance with the procedure specified in the parties' agreement to arbitrate').

{¶ 40} "Here, the arbitration agreement specifically limits the arbitrators that may be used to AAA, JAMS or NAF. Dahlquist, however, did not use one of the three named groups, but unilaterally selected NAC. As Citibank had not agreed to arbitrate the dispute before NAC, and as the agreement specifically calls for AAA, JAMS or NAF to be used, the award is unenforceable, under *R.J. O'Brien,* because NAC was not chosen in conformance with the arbitration agreement. Further, the arbitration award was invalid *ab initio* under *MCI,* because, while there is a written arbitration agreement, Citibank had not consented to be bound

by NAC, and in fact had notified NAC by letter that it had not agreed and would not agree to arbitrate before NAC. The FAA time limitation was thus not triggered, and Citibank is not bound by the award, even though it failed to challenge it within three months." Id. at ¶ 12–13.

{¶ 41} When we initially remanded this matter to the trial court, at issue were the timeliness of Citibank's petition to vacate the arbitration award and the complete lack of evidence in the record to support the trial court's decision. Based upon the record now before us, which includes the parties' arbitration agreement along with an affidavit that satisfies Civ.R. 56, it is apparent that the Blue Ridge arbitration award is a legal nullity, not subject to the timeliness provisions of either the Federal Arbitration Act or R.C. 2711.13. *Dahlquist,* 336 Mont. 100, 152 P.3d 693, 2007 MT 42, citing 9 U.S.C. 5; *MCI,* 138 F.3d 426, 430; *R.J. O'Brien & Assoc.,* 64 F.3d 257; *DeCair v. Nationwide Ins. Co.* (June 17, 1988), Lucas App. No. L–87–344, 1988 WL 62985 ("The timeliness provisions of R.C. 2711.13 * * * are not applicable to void judgments"). Since there is no genuine issue of material fact regarding the validity of the Blue Ridge award, Wood's arguments regarding the timeliness of Citibank's petition to vacate the award lack merit, and Wood's first assignment of error is overruled.

{¶ 42} Wood's second and third assignments of error are as follows:

{¶ 43} "Citibank has again failed to produce any evidence." And,

{¶ 44} "Failure to comply with ORC 2711.14.[1]"

{¶ 45} As determined above, given our conclusion that the trial court correctly found the award void ab initio, we do not need to address any further the merits of these assignments of error. The judgment of the trial court granting summary judgment in favor of Citibank is affirmed.

### III.   Attorney Fees

{¶ 46} Wood's three assignments of error do not mention the award of attorney fees to Citibank. In the "Statement of the Case" section of his brief, however, Wood argues, "[T]he trial court has awarded attorney fees to Citibank in excess of $7000 which is not reasonable in view of the fact that counsel has filed so few papers, failed to establish subject matter jurisdiction, and failed to provide any evidence. There may as well be other serious problems which the billing presents. At this time it will suffice for Wood to ask that the Appeals court reverse the order granting attorney fees to Citibank."

---

1.  R.C. 2711.14 sets forth the documents that must be filed with a petition to vacate an arbitration award.

{¶ 47} "Plaintiff's Submission of Attorney Fees" provides, "Citibank is not seeking an award of attorney fees incurred by its prior legal counsel in this matter, * * * even though the Court's Entry is silent on this issue. Rather, the attorney's fees sought cover only that period of time from remand of the Court of Appeals' decision through April 20, 2007.

{¶ 48} "Plaintiff seeks attorney fees and expenses in the amount of $7,484.30." Attached to the "Submission" are two heavily redacted invoices. One invoice is in the amount of $2,101.03, upon which Citibank seeks payment of $1,977. In a footnote, Citibank indicates that the sum sought "represents the difference between the amount billed and paid based upon an agreement between Citibank [and its counsel] to charge off $124.03 from this invoice." The other invoice is in the amount of $5,507.30.

{¶ 49} An award of attorney fees must be reasonable and supported by evidence in the record. *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 355 N.E.2d 894; *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.*, Clark App. Nos. 2004 CA 19 and 2004 CA 20, 2004-Ohio-3781, 2004 WL 1587234; see Ohio Rules of Professional Conduct, Rule 1.5 (setting forth factors to be considered in determining the reasonableness of a fee). The trial court awarded fees to Citibank, without analysis, in the exact amount requested by Citibank based upon, apparently, the unsworn and redacted invoices attached to Citibank's "Submission."

{¶ 50} The plain-error doctrine "is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122–123, 679 N.E.2d 1099. The trial court's award of attorney fees herein, without proper support in the record and without analysis to establish their reasonableness, constitutes plain error. Under these exceptional circumstances, the trial court's judgment awarding fees to Citibank is reversed, and the cause is remanded for further proceedings consistent with this opinion.

{¶ 51} In conclusion, the judgment vacating the arbitration award is affirmed, and reversal and remand is limited to the issue of reasonable attorney fees.

Judgment accordingly.

WOLFF and BROGAN, JJ., concur.