[Cite as *Jeffers v. Dept. of Natural Resources*, 2010-Ohio-2655.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STACIE A. JEFFERS

    Plaintiff

    v.

DEPARTMENT OF NATURAL RESOURCES

    Defendant
    Case No. 2006-04199

Judge Joseph T. Clark

DECISION

{¶ 1} On April 19, 2010, this case was tried to the court on the issue of damages. In its liability decision issued on November 20, 2009, the court found that defendant, the Ohio Department of Natural Resources (ODNR), was liable for breach of a settlement agreement into which it entered with plaintiff who was formerly a patrol officer in ODNR's Division of Watercraft.

{¶ 2} Plaintiff was removed from her employment prior to the expiration of her one-year probationary period. The parties' settlement agreement provided that ODNR would purge the probationary removal information from plaintiff's personnel files and replace it with information reflecting that she had voluntarily resigned; in exchange, plaintiff agreed not to pursue her claims against ODNR of wrongful termination, violation of public policy, violation of certain terms of her Fraternal Order of Police contract, and her claims of sexual harassment and assault and battery.

{¶ 3} Subsequent to the settlement agreement, plaintiff applied for state employment but learned that the information that she was a probationary removal was

available to prospective employers. Plaintiff has consistently maintained that the probationary removal designation reflects negatively upon her and significantly diminishes her opportunities for state employment. Plaintiff discovered that, in addition to the probationary removal documentation that had been contained in her personnel files at ODNR and the Division of Watercraft, the information was also posted on the Ohio Department of Administrative Services (ODAS) web site then known as EHOC (Employee History on Computer). Further, the EHOC information was readily available to state agencies, and at least one prospective state employer relied upon it rather than consulting ODNR.

{¶ 4} In its liability determination, the court found that the language of the parties' settlement agreement referred only to plaintiff's personnel file with ODNR, which included its subdivision, the Department of Watercraft, but that the agreement did not contemplate the computer data contained in the EHOC system. The court concluded that ODNR did not breach its agreement with plaintiff in failing to initiate deletion of the probationary removal designation from ODAS/EHOC records, but that it had committed a breach in failing to purge the offending records from its own files.

{¶ 5} Following the liability determination, ODNR moved for summary judgment on the issue of damages. ODNR argued that plaintiff would be unable to prove damages because it had been established at trial that no employer had ever viewed plaintiff's unpurged ODNR file. In response, plaintiff conceded that she could not prove that she was refused employment as a result of ODNR's breach; however, she asserted that she was entitled to compensation for the attorney fees and other expenses that she incurred to pursue this action in effort to enforce the settlement agreement. The court agreed and overruled the motion for summary judgment. Thus, the only issue addressed at the damages trial was plaintiff's attorney fees and the expenses that she incurred to pursue this action.

{¶ 6} "A party seeking an award of attorney fees has the burden of demonstrating the reasonable value of such services." *DeHoff v. Veterinary Hospital Operations of Cent. Ohio, Inc.*, Franklin App. No. 02AP-454, 2003-Ohio-3334, ¶145. The court's award of attorney fees must be reasonable and supported by evidence in the record. *Citibank v. Wood*, 177 Ohio App.3d 103, 2008-Ohio-2877. When granting

such an award, the Supreme Court of Ohio requires that the trial court explain how it determined its amount. *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 145-146. Typical factors to be considered in calculating the award are those set forth in DR 2-106(B). Id. "These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases * * *." Id. See also *Stonehenge Land Co. v. Beazer Homes Invests., L.L.C.*, 177 Ohio App.3d 7, 2008-Ohio-148.

{¶ 7} Plaintiff is seeking compensation for attorney fees and expenses in the amount of $15, 540, representing 76 hours for attorney's services at the rate of $200 per hour, and expenses in the amount of $742. Defendant's counsel stated at trial that defendant does not contest the reasonableness of the hourly rate. However, defendant questioned the length of time that plaintiff's counsel spent on certain tasks listed on the fee statement. (Plaintiff's Exhibit 3.) Defendant's counsel also argued that summary judgment was granted on four of plaintiff's seven causes of action and that, in his view, plaintiff's counsel spent an inordinate amount of time on the remaining claims, and particularly on his efforts to prove that ODNR had a duty to delete the information contained on the ODAS/EHOC computer system. Defendant's counsel questioned plaintiff whether she felt the amount of time listed in the fee statement for various tasks was reasonable. Defendant did not call any witnesses in support of its argument.

{¶ 8} Upon review, the court finds both the hourly fee and the amount of time spent on the case to be reasonable. Plaintiff testified that she did not question the fees charged, that she trusted her counsel, that she did not believe that he would overcharge her, and that she felt that the amount of time that he spent in attempting to enforce her settlement agreement was reasonable. Considering the relevant factors as set forth in *Bittner*, supra, the court notes that plaintiff's counsel responded to two motions for summary judgment, prepared for both a liability and a damages trial, and participated in

all proceedings associated with both trials. Although the issues involved were not novel or difficult, and plaintiff received only a partial judgment in her favor, it was always her contention that the EHOC records were a part of her ODNR personnel file and counsel could not have predicted how the court would rule on that issue. The court further notes that plaintiff's counsel in this action was not the counsel involved in negotiating or drafting the settlement agreement. Thus, notwithstanding the outcome, the court finds that the amount of time spent in attempting to prove that ODNR broke the agreement by failing to remove the ODAS/EHOC information was reasonable. The contract for legal services submitted at trial states that counsel's total final fee was fixed at $15,000, not including costs and expenses. (Plaintiff's Exhibit 2.) Additionally, plaintiff presented unrefuted evidence of costs of $340 and $402 she incurred for trial transcripts. (Plaintiff's Exhibits 4 and 5.)

{¶ 9} Accordingly, the court finds that plaintiff has proven, by a preponderance of the evidence, that she is entitled to compensation for reasonable attorney fees and expenses totaling $15,742. Therefore, judgment shall be entered in the amount of $15,767, which includes reimbursement for this court's $25 filing fee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STACIE A. JEFFERS

    Plaintiff

    v.

DEPARTMENT OF NATURAL RESOURCES

    Defendant
    Case No. 2006-04199

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

       This case was tried to the court on the issue of plaintiff's damages.  The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $15,767, which includes the $25 filing fee.  Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Eric A. Walker
Peter E. DeMarco
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

W. Jeffrey Moore
326 South High Street, Suite 300
Columbus, Ohio 43215-4570

LH/cmd
Filed May 28, 2010
To S.C. reporter June 9, 2010