No. 05-706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 45

WELLS FARGO BANK,

        Plaintiff and Respondent,

    v.

JOHN ROBERT TALMAGE, d/b/a
TALMAGE AUTO CENTER,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 04-238A,
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                William L. Managhan and Santana Kortum-Managhan,
Managhan & Kortum-Managhan Law Firm PLLC, Kalispell, Montana

        For Respondent:

                Thane P. Johnson, Werner, Epstein & Johnson, PLLC,
Cut Bank, Montana

Submitted on Briefs:  January 17, 2007

Decided:   February 21, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Plaintiff Wells Fargo Bank (Wells Fargo) sued John Talmage, alleging he owed $112,250.84 on an overdue credit card account, including cash advances and other credit. Talmage, acting *pro se*, filed a motion to dismiss, alleging the action was subject to an arbitration award. The District Court denied the motion to dismiss after concluding that the arbitration agreement only applied to disputes over $250,000. Wells Fargo then moved for summary judgment. After a hearing at which Talmage failed to appear, the court granted summary judgment to Wells Fargo on the issue of liability. After a subsequent hearing to determine damages, the court entered judgment for Wells Fargo in the amount of $137,437.25. Talmage appeals the grant of summary judgment and the court's denial of his motion to dismiss. We affirm.

¶2 We restate the issues as follows:

¶3 I. Did the District Court correctly deny Talmage's motion to dismiss when the arbitration award was issued by an arbitrator other than the one specified in the arbitration agreement and the arbitration agreement did not, by its terms, apply to disputes of less than $250,000?

¶4 II. Did the District Court err in granting summary judgment to Wells Fargo?

**BACKGROUND**

¶5 On April 9, 2004, Wells Fargo filed a complaint alleging that Talmage owed $112,250.84 pursuant to a credit card agreement with Wells Fargo. Talmage filed a motion to dismiss, claiming that the controversy was subject to mandatory arbitration under the card agreement. Wells Fargo responded that the arbitration provision only

2

applied to disputes involving $250,000 or more. The District Court agreed with Wells Fargo and denied the motion to dismiss.

¶6 Talmage then filed an amended motion to dismiss arguing that the matter was subject to a binding arbitration award. The arbitration award had been issued by the National Arbitration Counsel (NAC), an arbitration group based in Florida. Wells Fargo did not move to vacate the award within ninety days, and in fact did not challenge the award until it responded to Talmage in this suit.

¶7 The arbitration agreement at issue does not list NAC as a potential arbitrator. Instead the agreement requires use of the American Arbitration Association (AAA). Further, the agreement provides that the "Comprehensive Dispute Resolution Program," of which the arbitration agreement is a part, "applies only to disputes involving $250,000.00 or more in value . . . ." Additionally, if arbitration is necessary, it is "governed by the Federal Arbitration Act" (FAA).

¶8 On January 20, 2005, Wells Fargo moved the District Court for a default judgment against Talmage, or, in the alternative, summary judgment, claiming that Talmage had failed to answer the complaint so that the allegations contained therein were deemed admitted. The District Court then issued an order denying Wells Fargo's request for default judgment, reasoning that default was not proper because Talmage had "appeared in this matter [and] set forth defenses and possible counterclaims." The court also set a time for oral argument regarding the motion for summary judgment, and sent the parties notice of the date, July 6, 2005, on which oral argument was to take place.

3

¶9 Talmage, however, failed to appear at the oral argument on July 6. The court, noting his absence, granted Wells Fargo's motion for summary judgment. In its written order, the court concluded that Talmage had "failed [to] deny the allegations in the complaint under rule 8(d)" M. R. Civ. P, and set a hearing to determine damages for August 2, 2005. Talmage later, in his "motion to reconsider," stated that he was confused by a portion of the scheduling notice that read "[t]he parties are encouraged to seriously consider waiving oral argument." Due to this language, Talmage apparently assumed that oral argument would be waived.

¶10 On August 2, 2005, the court heard evidence from a Wells Fargo representative concerning the nature and extent of damages owed. Talmage was not present at the hearing. The court, during the hearing, referred to its previous summary judgment ruling as "the default of the Defendant." The court subsequently entered judgment in favor of Wells Fargo for $137,437.25, plus interest and attorney fees of $1500.

¶11 Talmage appeals from the grant of summary judgment as well as from the denial of his motion to dismiss.

## STANDARD OF REVIEW

¶12 We review a district court's conclusions of law, including whether an arbitration award is valid, *de novo*. *See Martz v. Beneficial Montana, Inc.*, 2006 MT 94, ¶ 10, 332 Mont. 93, ¶ 10, 135 P.3d 790, ¶ 10.

¶13 We also review a district court's grant of summary judgment *de novo*, applying the same M. R. Civ. P. 56 criteria as the district court. *Bradley v. Crow Tribe of Indians*, 2005 MT 309, ¶ 12, 329 Mont. 448, ¶ 12, 124 P.3d 1143, ¶ 12 (citations omitted).

4

Summary judgment should only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Bradley*, ¶ 13 (citations omitted). Where the moving party is able to demonstrate that no genuine issue as to any material fact remains in dispute, the burden shifts to the party opposing the motion to present material and substantial evidence, rather than merely conclusory or speculative statements, that a genuine issue of material fact is in dispute. *Bradley*, ¶ 14.

## DISCUSSION

¶14 **I. Did the District Court correctly deny Talmage's motion to dismiss when the arbitration award was issued by an arbitrator other than the one specified in the arbitration agreement and the arbitration agreement did not, by its terms, apply to disputes of less than $250,000?**

¶15 Talmage, focusing primarily upon Montana's Uniform Arbitration Act, §§ 27-5-111 through -324, MCA, claims that Wells Fargo has waived the right to challenge the arbitration award issued by NAC because it failed to challenge the award within ninety days. *See* §§ 27-5-311 and -312, MCA. Under Montana law, the ninety-day time limitation to challenge an award affixes even if a party claims the award is invalid because the wrong arbitrator was used. *See* § 27-5-312, MCA. As Wells Fargo has waited much longer than that, Talmage insists Wells Fargo is barred from challenging the NAC award and the District Court must confirm the award. However, Talmage did not file a motion to confirm the award. We therefore only address the court's denial of Talmage's motion to dismiss.

5

¶16  We disagree with Talmage's theory that the case should be dismissed due to Wells Fargo's failure to object to the NAC arbitration award within ninety days, primarily because the arbitration agreement at issue, by its terms, is not governed by Montana's arbitration statutes but by the FAA (9 U.S.C. §§ 1-16).  While the provisions of the FAA are similar to Montana's Act, including a three-month time limitation to vacate an award, the FAA, unlike Montana law, does not recognize a motion to vacate an award for the reason that "there was no arbitration agreement."  *See* § 27-5-312, MCA, and 9 U.S.C. §§ 10-12.

¶17  Under the FAA, where parties have not agreed to arbitrate, or where the arbitration does not follow the format provided for in the arbitration agreement, the arbitration award is invalid *ab initio*.  *See MCI Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F.3d 426, 430 (1st Cir. 1998), and *Bank of America v. Dahlquist*, 2007 MT 32, ¶¶ 12-13, ____ Mont. ____, ¶¶ 12-13, _____ P.3d _____, ¶¶ 12-13.  One condition that must be followed for an arbitration proceeding to be valid under the FAA is employment of the agreed upon arbitrator.  *See* 9 U.S.C. § 5 and *R. J. O'Brien & Assoc., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th Cir. 1995) ("[I]n order to enforce an arbitration award, the arbitrator must be chosen in conformance with the procedure specified in the parties' agreement to arbitrate.").

¶18  Wells Fargo did not agree to arbitrate disputes of less than $250,000.  Because the amount here in dispute is, in fact, less than $250,000, the NAC arbitration award is invalid *ab initio* under *MCI*.  Also, as Wells Fargo had not agreed to arbitrate the dispute

6

before NAC, and since the agreement specifically calls for AAA to be used, the NAC award is unenforceable, under *R. J. O'Brien*.

¶19    Talmage contends that even under the FAA, the three-month time limitation bars Wells Fargo from challenging the award. Talmage cites to *Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992), for the proposition that the FAA's three-month limitation "is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period." (Citations omitted.) However, this proposition is inapplicable to the situation here, because the party in *Sander* consented to and participated in arbitration, and then, two years later, challenged the award, a valuation of stock, alleging a violation of securities laws. The Ninth Circuit refused to allow an arbitration participant to challenge the resulting award via "collateral attack." *Sander*, 966 F.2d at 502-03. Here, Wells Fargo, unlike the party in *Sander*, was not "a party to the arbitration proceeding" nor did it consent to arbitration with NAC.

¶20    **II. Did the District Court err in granting summary judgment to Wells Fargo?**

¶21    Talmage claims that summary judgment was improperly entered against him for failing to attend oral argument. Talmage asserts, correctly, that "[s]ummary judgment may not be entered against a party only because they did not respond to the motion, or did not show up at the hearing." *Bradley*, ¶ 26. Because the matter was "fully briefed," Talmage asserts that the District Court should have considered the arguments raised in the briefs rather than granting summary judgment "by default."

¶22 The record in this case indicates that the District Court did, in fact, enter summary judgment against Talmage by default for failing to attend the hearing. The court, upon learning that Talmage was not present at the hearing, promptly entered judgment against him and for Wells Fargo. In the subsequent written judgment, the court bases its decision on Talmage's failure "to deny the allegations in the Complaint," despite the fact that the court had previously denied Wells Fargo's request for default judgment. Finally, at the damages hearing, the court referred to its previous summary judgment ruling as "the default of the Defendant."

¶23 The only "genuine issue" that Talmage purports to raise in opposition to summary judgment is his claim that the dispute is subject to a binding arbitration award. Whether the dispute is subject to an arbitration award, however, is a question of law, not fact. Further, as a legal issue, Talmage's claim has no merit because, as we concluded above, the award was invalid *ab initio*. Consequently, summary judgment was appropriate because there is no genuine issue as to any material fact and Wells Fargo is entitled to judgment as a matter of law. We will not reverse a district court when it reaches the right result, even if it reached that result for the wrong reason. *Palmer v. Bahm,* 2006 MT 29, ¶ 20, 331 Mont. 105, ¶ 20, 128 P.3d 1031, ¶ 20 (citations omitted). Accordingly, we hold that the District Court did not err in granting summary judgment for Wells Fargo.

## CONCLUSION

¶24 Under the FAA, the arbitration award was invalid *ab initio* because the arbitration agreement does not apply to disputes of less than $250,000 and NAC was not the agreed

8

upon arbitrator. The District Court's denial of Talmage's motion to dismiss and subsequent grant of summary judgment for Wells Fargo is therefore affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS

Justice James C. Nelson did not participate.