DA 07-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 392N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DANIEL JACOB DAFFERN,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2006-388
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Roberta R. Zenker, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Kirsten Pabst,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs: August 6, 2008

Decided: November 20, 2008

Filed:

_____
               Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 At 1:30 a.m. on August 9, 2006, Daniel Jacob Daffern (Daffern) broke into the apartment of his former girlfriend Kari Chisom (Chisom), assaulted her with a frying pan while she was asleep, and threatened to kill her. Chisom attempted to escape but was caught by Daffern, forcibly returned to her apartment, and then threatened by Daffern with a knife. Chisom later convinced Daffern to take her to an emergency room at a local hospital. Once there, Chisom was able to covertly communicate to hospital staff that she was in distress. Hospital staff then contacted police who came to the hospital and arrested Daffern for violating an order of protection which Chisom had previously obtained against him.

¶3 On May 31, 2007, Daffern was convicted in the Fourth Judicial District, Missoula County of felony aggravated burglary, felony assault with a weapon, misdemeanor violation of an order of protection, and felony aggravated kidnapping. On June 20, 2007, Daffern was sentenced to sixty years and six months for these convictions, with forty years suspended. The District Court imposed nineteen conditions to apply to Daffern during his probation. Condition No. 12 prohibited Daffern from possessing or consuming intoxicants or alcohol and from entering any place where intoxicants are the chief item of

2

sale. It also required him to submit to routine breath and blood testing for alcohol. Condition No. 13 required Daffern to participate in any counseling, including mental health counseling, as recommended by his probation/parole officer.

¶4    Daffern does not appeal his conviction. However, he does appeal the imposition of Condition No. 12. Daffern objected to the imposition of this condition before the District Court on the grounds that his offenses did not involve the use of alcohol. On appeal, Daffern argues that the District Court abused its discretion in imposing this condition because no nexus exists between his conviction and the alcohol restriction in sentencing Condition No. 12.

¶5    "[B]ecause sentencing statutes authorize sentencing judges to impose conditions on deferred or suspended sentences that constitute reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society, the reasonableness of such conditions will be reviewed for an abuse of discretion." *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9 (quotation omitted). In *Ashby* we recently clarified our review of sentencing conditions as follows:

> In imposing conditions of sentence, a sentencing judge may impose a particular condition of probation so long as the condition has a nexus to either the offense for which the offender is being sentenced, **or to the offender himself or herself.** By way of example, if a defendant has a history or pattern of alcohol or drug abuse but this pattern was unrelated to the offense for which he is being sentenced, the sentencing court may nonetheless consider this defendant's history with alcohol and drugs, and impose an alcohol or drug-related probation condition that the court in its discretion determines will assist in this particular defendant's alcohol or drug rehabilitation. We caution, however, that courts may impose offender-related conditions only in those cases in which the history or pattern of conduct to be restricted is recent, and significant or chronic. A passing, isolated, or stale instance of behavior or conduct will be

3

insufficient to support a restrictive probation condition imposed in the name of offender rehabilitation.

*Ashby*, ¶ 15 (emphasis added).

¶6 The presentence investigation (PSI) stated that Daffern has a history of drug and alcohol abuse, as well as serious mental health and emotional issues which make Daffern a danger to himself and others. The PSI noted that Daffern had a prior felony conviction for sexual assault and sexual intercourse without consent, a misdemeanor conviction for partner/family member assault, and a previous probation violation. The PSI also noted that Daffern's only explanation for the state of mind leading to the crimes he committed against Chisom was that he was "very depressed." Prior to these crimes, Daffern was working with both a sex offender treatment counselor and a probation/parole officer to address his depression, but reported that "[t]here was nothing they could do for me." Consequently, Daffern's probation/parole officer recommended that Daffern "shall participate in any counseling as deemed appropriate by probation officer or any medical or mental health professional treating the defendant, to include chemical dependency, mental health, or Anger Management."

¶7 Although Daffern claims that his offenses did not involve the use of alcohol, he does not challenge the accuracy or validity of the PSI. Given Daffern's past history of drug and alcohol abuse, his mental health and emotional issues, and his history of violent crimes against others, Condition No. 12 was reasonable under *Ashby* because it clearly had a nexus to Daffern himself and was reasonably related to his rehabilitation and the protection of the victim and society. Requiring Daffern to abstain from alcohol helps to

4

ensure that he successfully completes any mental health, chemical dependency, or anger management programs which his probation/parole officer may deem necessary for his rehabilitation based on his offenses in this case and his past history of drug and alcohol abuse.

¶8    Although the District Court could not rely on *Ashby* when it sentenced Daffern because the case had not yet been decided, we conclude that Condition No. 12 was a reasonable probation condition under *Ashby* and did not constitute an abuse of discretion. Thus we affirm the District Court's decision, because it ultimately reached the correct result. *See Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 23, 336 Mont. 125, ¶ 23, 152 P.3d 1275, ¶ 23 (stating that we will affirm a district court's decision even if it reaches the right result for the wrong reason).

¶9    Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE

Justice James C. Nelson, specially concurring.

¶10    I specially concur in the Court's decision because *State v. Stiles*, 2008 MT 390, ___ Mont. ___, ___ P.3d ___, is the law of the land as to the sentencing issue presented by Daffern. That said, I continue to maintain that the sentencing issue in *Stiles* was

5

wrongly decided and that the distinction drawn in that case between "legality" and "abuse of discretion," for purposes of reviewing sentencing conditions, is legally incorrect under the applicable statutes. *See Stiles*, ¶¶ 19-50 (Nelson, J., dissenting).

/S/ JAMES C. NELSON