DA 10-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 79

PENNY S. RONNING and KELLY DENNEHY,

      Plaintiffs and Appellants,

  v.

YELLOWSTONE COUNTY and NATIONAL
ENGLISH SHEPHERD RESCUE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 09-1235
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Elizabeth J. Honaker, Honaker Law Firm, Billings, Montana

      For Appellees:

          Mark A. English, Deputy County Attorney,  Billings, Montana
(Yellowstone County)

          Vernon E. Woodward, Jo Messex Casey, Woodward & Casey, PLLC,
Billings, Montana (NESR)

                          Submitted on Briefs:  March 16, 2011
                                    Decided:  April 19, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Plaintiffs Penny S. Ronning (Ronning) and Kelly Dennehy (Dennehy) appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting Defendants' Yellowstone County and National English Shepherd Rescue ("NESR") motions for summary judgment. We affirm.

¶2 This case originates from Yellowstone County's December 2008 seizure of approximately 200 dogs from Linda Kapsa's (Kapsa) property. Kapsa was charged with animal cruelty in January 2009. The dogs were sent to the MetraPark (a county facility) and were cared for by volunteers. Ronning and Dennehy were two of the volunteers.

¶3 Kapsa and the State of Montana, acting through Yellowstone County, entered into a plea agreement on July 8, 2009. The plea agreement, in relevant part, stated:

> I [Kapsa] will immediately upon acceptance of my nolo contendere plea join the State in a Petition for Disposal of Evidence [the dogs] pursuant to Section 46-5-307. The petition will seek immediate release of all but up to 20 dogs of my choosing currently housed at MetraPark *to an appropriate rescue group with adoption preference to be given to volunteers currently providing care to the seized animals*. I will disclaim any right to possess the released dogs and affirmatively waive my right to petition for return of the dogs under Section 46-5-312, MCA. [Emphasis added.]

¶4 On July 14, 2009, Kapsa and the State filed a Joint Petition for Disposal of Evidence, stating, in relevant part:

> It is the Petitioners' intent that the dogs in Exhibit A and B will be spayed and neutered, then released immediately or as soon as practical *to an appropriate animal rescue organization for adoption by suitable homes with the volunteers who have provided care for the dogs for the last seven months, receiving a preference to adopt the dogs*. [Emphasis added.]

2

¶5     After the plea agreement was entered, ownership of the dogs was transferred to NESR. NESR began the process of placing the dogs into adoptive homes. Ronning applied to adopt four dogs: Joy, Love, Happy, and Eddie. Joy and Happy could be considered for adoption immediately, but under the plea agreement, Love and Eddie would either be released for adoption after Kapsa's sentencing, or returned to Kapsa. NESR offered Ronning the chance to adopt Happy. Ronning refused so that Happy could be adopted by another volunteer. NESR did not offer Ronning any other dogs. On August 16, 2009, Dennehy also sought to adopt Love. On August 21, 2009, Dennehy was told that Love had already been placed. Dennehy was asked if she was interested in another dog, but she wanted Love. Eddie was adopted by another volunteer. Love and Joy were placed with professional dog trainers. It appears from the record that neither Ronning nor Dennehy own any Kapsa dogs.

¶6     Ronning and Dennehy then brought suit against Yellowstone County and NESR for breach of contract, seeking specific performance - that they be given Love and Joy. The District Court granted summary judgment to Yellowstone County and NESR, finding that Ronning and Dennehy were not third party beneficiaries of the plea agreement, but were only incidental beneficiaries and as such have no standing to sue as third party beneficiaries. Ronning and Dennehy now appeal.

## STANDARD OF REVIEW

¶7     We review summary judgment rulings *de novo*, applying the same M. R. Civ. P. 56 criteria as the district court. *Thornton v. Flathead County*, 2009 MT 367, ¶ 13, 353 Mont. 252, 220 P.3d 395. We review a district court's conclusions of law for correctness. *Id*.

3

¶8 We will not reverse a district court where it reached the right result, although for the wrong reason. *Cheff v. BNSF Railway Co.*, 2010 MT 235, ¶ 37, 358 Mont. 144, 243 P.3d 1115 (citing *Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 23, 336 Mont. 125, 152 P.3d 1275.).

## DISCUSSION

¶9 This case requires us to answer one question —are Ronning and Dennehy intended third party beneficiaries of the plea agreement? The answer is no.

¶10 Ronning and Dennehy argue that they are the intended third party beneficiaries of the plea agreement, and as such, the plea agreement entitles them, to 1) priority, as volunteers, over all other non-volunteer adoptees, and 2) adopt the specific dogs they requested. Yellowstone County argues that Ronning and Dennehy were, at the most, incidental beneficiaries, and that there was never any agreement to give specific dogs to specific people. NESR argues that Ronning and Dennehy were not intended third party beneficiaries and it was the State's and Kapsa's intent that the dogs go to suitable homes, and that if a volunteer's home was suitable, then the volunteer would have preference.

¶11 The District Court granted summary judgment to Yellowstone County and NESR, finding that Ronning and Dennehy were not intended third party beneficiaries and had no standing to enforce the plea agreement. While we agree that Ronning and Dennehy are not intended third party beneficiaries of the plea agreement, we do so because we find that, barring rare circumstances not present here, there are no intended third party beneficiaries to plea agreements.

4

¶12 Plea agreements are contracts and are generally governed by contract principles. *State v. Rardon*, 2005 MT 129, ¶ 18, 327 Mont. 228, 115 P.3d 182. However, a plea agreement is a unique kind of contract. It is an agreement between a prosecutor and a defendant for the sole purpose of settling a pending criminal charge, or charges, against the defendant. See § 46-12-211, MCA. Unlike other contracts, a plea agreement is not self-executing; it is contingent on approval by the court. The court is not bound by a plea agreement, and it may be accepted or rejected, in whole or in part. *Id*. Upon sentencing, a plea agreement terminates. That is, once each party has fulfilled its obligations under the agreement (each party has performed), the plea agreement has served its purpose and any duties under the contract are discharged. *See Restatement (Second) of Contracts § 235 (1981).* The controlling document becomes the judgment and sentence, which embodies the plea agreement in whatever form the court accepted.

¶13 In this case, the plea agreement was between Kapsa and Yellowstone County. Yellowstone County agreed to dismiss five charges in exchange for Kapsa's nolo contendere plea to one charge, and to recommend a certain sentence and conditions. Kapsa agreed to plead nolo contendere to one charge, and, upon acceptance of that plea, to join Yellowstone County in a petition to dispose of the seized evidence (the dogs) to a rescue organization for adoption, to certain limitations on animal ownership, and to pay restitution as ordered by the court. The parties to the plea agreement did all they were obligated to do. Kapsa did not and has not alleged Yellowstone County violated the agreement, or vice versa. Kapsa was sentenced and the criminal case is now closed, thus the plea agreement has terminated.

¶14 Ronning and Dennehy cannot be intended third party beneficiaries of the contract (the plea agreement) because it is has terminated. The only possible way Ronning and Dennehy could be intended third party beneficiaries is if the District Court's order named them as such. Without a court order naming them as intended third party beneficiaries, they would only be, at the very most, incidental beneficiaries. Incidental beneficiaries have no right to enforce the contract. *Restatement (Second) of Contracts* § 315.

## CONCLUSION

¶15 The District Court reached the proper result, although for the wrong reason. Accordingly, we affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE