JUSTICE COTTER,
dissenting.
¶27 I dissent on two grounds. First, the District Court correctly applied the principles of issue preclusion to conclude that the State was barred from defending the constitutionality of the Parental Notification Act and the Parental Consent Act. Second, the Court violates bedrock Montana law by deciding this case in favor of the State on grounds not raised by the State either in the District Court or in its opening brief on appeal.
¶28 I first address the correctness of the District Court’s decision that issue preclusion bars relitigation of the issues put to rest in Wicklund. The issue before the District Court was whether the State’s asserted compelling interests justify an impingement on the constitutional rights of pregnant minors who choose to obtain an abortion. This was the exact issue that was litigated in Wicklund, 1999 Mont. Dist. LEXIS 1116, at *11; thus, the first element of the issue preclusion test set forth in Baltrusch, ¶ 18, is satisfied. Likewise, the remaining three elements of the four-part test to determine whether relitigation of an issue is barred are also satisfied: there was a final judgment on the merits in the prior adjudication and no appeal was taken; the party against whom preclusion is now asserted was a party or in privity with a party to the prior adjudication; and the State was afforded a full and fair opportunity to litigate the issue now barred. Baltrusch, ¶ 18.
¶29 The Court concludes that the issue decided in Wicklund is not identical to the issue presented here, relying upon variations between the ages of the minors in the Acts, the fact that one Act sets forth the burden of proof while the other did not, and that one Act allows the appointment of a public defender for a minor seeking judicial bypass while no similar provision was contained in the 1995 Act. While in other contexts these variations could be significant, in this context they are wholly immaterial.
¶30 In Wicklund, the district court struck down a law that required minors to notify a parent before terminating a pregnancy, finding that it violated the Montana Constitution’s express guarantees of privacy, equal protection, and the rights of minors. The 2011 parental notification law and the 2013 parental consent law both purport to advance four compelling state interests: “(a) protecting minors against *160 their own immaturity”; (b) “fostering family unity and preserving the family as a viable social unit”; (c) “protecting the constitutional rights of parents to rear children who are members of their household”; and (d) “reducing teenage pregnancy and unnecessary abortion.” Section 50-20-202(2), MCA (2011); § 50-20-502(2), MCA (2013). These are the exact same state interests, word for word, that are set forth in the 1995 Act that Wicklund struck down. Section 50-20-202(2), MCA (1995).
¶31 As the Court’s Opinion notes, the issue here is whether the State should be prevented from defending the constitutionality of the current parental notification and parental consent laws. Opinion, ¶¶ 1 and 3. It cannot reasonably be asserted, nor does the Court do so, that differences in the age of the minor affected or provision of a burden of proof have any bearing on the constitutionality of the Acts in question, as — clearly—the constitutionality of the interests at stake do not hinge upon these minor variations. The Court nonetheless seizes upon these inconsequential distinctions that have nothing to do with the constitutionality of the law while altogether ignoring the verbatim identity of the State interests underlying the 1995 Act struck down in Wicklund and the two Acts here in question.
¶32 The Court’s second transgression is that it resolves the case before us on grounds not raised by the State either in the District Court or in its opening brief on appeal. Our eases are legion for the proposition that we will not consider on appeal an issue not raised in the District Court. In Kurtzenacker v. Davis Surveying, Inc ., 2012 MT 105, ¶ 17, 365 Mont. 71, 278 P.3d 1002, we explained “We generally refase to consider arguments raised for the first time on appeal because ‘it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider.’ ” See also Stevens v. Novartis Pharms. Corp., 2010 MT 282, ¶ 78, 358 Mont. 474, 247 P.3d 244. We have also said repeatedly that we will not consider issues raised by the appellant for the first time in its reply brief. To do so would unfairly “tilt the balance in a case in favor of the party who gets the final word in presenting its arguments to this Court.” State v. Sattler, 1998 MT 57, ¶ 47, 288 Mont. 79, 956 P.2d 54; M. R. App. P. 12(3) (“The reply brief must be confined to new matter raised in the brief of the appellee.”). The Court utterly ignores these long-standing rules.
¶33 The State argued in the District Court that collateral estoppel should not be applied to it because there have been significant factual and legal developments that have occurred with respect to the issues under consideration since Wicklund was decided. It also argued that *161 collateral estoppel should not be applied against the government, and that parents have a strong and legitimate interest in involving themselves in a minor’s abortion decision. The State did not argue in the District Court that the elements of collateral estoppel or issue preclusion were not satisfied.
¶34 In its opening brief on appeal to this Court, the State made the same arguments it made in the District Court. On three occasions in its opening brief, the State framed and re-framed the issue on appeal: “The question currently before this Court is whether there have been significant legal and factual developments since Wicklund that support Montana’s argument that it has strong interests in protecting minors, protecting families, and protecting parents’ rights”; “The only issue in this appeal is whether any changed circumstances since Wicklund would counsel revisiting whether the State has compelling interests”; and “the State is arguing that collateral estoppel should not apply in cases, like this one, involving important constitutional issues of public importance.” The State made a passing and somewhat specious argument that the parties in this case are not identical to the parties in Wicklund, but it did not at all contend that the issues to be decided in the present litigation were different than those decided in Wicklund.
¶35 The suggestion that the issues presently before the Court and those decided in Wicklund are not identical was presented by the State for the first time in its reply brief to this Court. The State replaced counsel who wrote the opening brief with a different attorney, who presented the wholly new argument in reply that the Court now appropriates. As noted above, we have not tolerated this tactic when employed by previous appellants, and I cannot fathom why we do so here.
¶36 In sum, the Court errs in its application of the issue preclusion test and in recasting the issue on appeal for the benefit of the State.
For these reasons, I dissent.