No. 16-0657 - *Williams v. Tucker*

**FILED**

**June 13, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, C. J., concurring, joined by WORKMAN, J.:

I concur in the majority's reversal of the circuit court's patently erroneous refusal to grant an injunction to the petitioner and order the respondents to withdraw their arbitration. However, in lieu of the majority's determination to decide the matter by wading into the swamp of "arbitrability" and waiver, I believe the issue is far more straightforward. As argued primarily by the petitioner, the respondents' latest arbitration filing is an improper collateral attack on the prior arbitration ruling of the Financial Industry Regulatory Authority ("FINRA"), as well as the subsequent circuit court order confirming that ruling. While collateral attack, waiver, estoppel, and the like are fairly considered different facets of the issues raised herein, there is little utility in over-complicating what is plainly an impermissible attempt to re-litigate a matter that has been affirmatively decided and put to rest.

A more pointed examination of the facts aids in highlighting the inappropriateness of the respondents' most recent arbitration demand and the simplicity of this matter. It appears the respondents opened an investment advisory account with the petitioner two days before the market's high point and then closed the account shortly after the market low was reached. The respondents' account declined twenty-nine and one-half percent, which is represented to be *consistent with or less than* other balanced mutual funds.

1

The respondents filed an arbitration demand with FINRA, alleging the petitioner had made unsuitable investments. Before the petitioner could respond, the respondents *voluntarily withdrew* their arbitration demand and personally apologized to the petitioner for having instituted the arbitration.

Notwithstanding the respondents' withdrawal of their arbitration demand, their unresolved claims remained a part of the petitioner's record on the Central Registration Depository, which is the central licensing and registration system for the United States securities industry. Accordingly, the petitioner instituted a FINRA arbitration seeking to expunge that record. The respondents, represented by counsel, consented to FINRA jurisdiction, but declined to participate and agreed *in writing not to oppose the expungement*.

Thereafter, a three-member arbitration panel held a full evidentiary hearing on the matter. The respondents did not participate in that hearing. The FINRA panel concluded, on the merits of the action, that "[t]he claim, allegation, or information is factually impossible or clearly erroneous" and awarded expungement. As directed by FINRA, and to give legal effect to the expungement, the petitioner instituted a civil action in the Circuit Court of Kanawha County seeking confirmation and validation of the FINRA expungement. The respondents accepted service of the civil action, but filed no responsive pleading. Instead,

2

the respondents, by counsel, *executed an Agreed Order confirming the expungement*, which was entered by the circuit court. For obvious reasons, no appeal of that order was pursued.

Nearly four years later, having retained different counsel, the respondents have filed another arbitration demand that raises the same allegations previously found to be "factually impossible or clearly erroneous" by the FINRA panel. In response, the petitioner filed the instant action, seeking injunctive relief against the respondents' collateral attack on the FINRA arbitration award, as confirmed by order of the Circuit Court of Kanawha County.

Courts have long refused to allow subsequent civil suits attacking arbitration awards. *See Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1211-12 (6th Cir. 1982) (finding subsequent federal suit alleging irregularity in prior arbitration decision "is no more, in substance, than an impermissible collateral attack on the award itself"); *Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992) (rejecting attempt to file federal action subsequent to arbitration, noting court's "unwilling[ness] to upset the streamlined nature of arbitration by permitting the launching of collateral attacks[.]"). This refusal to permit collateral attacks has been found equally applicable when the subsequent collateral attack also occurs in an arbitration forum: "[I]t is logical to extend . . . [refusal to permit subsequent attack in federal court to] claims presented in a second arbitration." *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 911 (6th Cir. 2000). Subsequent

3

collateral attacks are inappropriate "whether a party attempts to attack the award through judicial proceedings or through a separate second arbitration." *Id.*; *see also Prudential Sec. Inc. v. Hornsby*, 865 F. Supp. 447, 451, 453 (N.D. Ill. 1994) (finding second arbitration filing "attempt to augment and modify the first arbitration award" and, therefore, "an impermissible collateral attack on his previous arbitration award.").

The majority's unnecessarily complex assessment of waiver belies the simplicity of this case. Collateral attacks through subsequent proceedings subvert finality and are widely held to be impermissible. Accordingly, I respectfully concur.